# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 16, 2022

| | | |
|---|---|---|
| ANGELA MALAR, | * | UNPUBLISHED |
| Petitioner, | * | No. 18-1429V |
| v. | * | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Interim Attorneys' Fees and Costs. |
| Respondent. | * | |

Mark Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.
Felicia Langel, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On September 19, 2018, Angela Malar ("petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of receiving an influenza ("flu") vaccine on October 4, 2015, she suffered neuromyelitis optica and migraine aura. Petition at Preamble (ECF No. 1).

On May 23, 2022, petitioner filed a motion for interim attorney's fees and costs, requesting compensation for the attorneys and paralegals who worked on her case. Petitioner's

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

Motion for Interim Attorney Fees and Costs ("Pet. Mot."), filed May 23, 2022 (ECF No. 91). Petitioner's request can be summarized as follows:

**Fees** – $49,480.75
**Costs** – $4,292.22

Petitioner thus requests a total of $53,772.97. Respondent did not file a response.

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** petitioner's motion and awards **$53,755.93** in attorneys' fees and costs.

## I.  DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorney's fees and costs is appropriate here where there are significant fees to be paid.

### A.  Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3

2

F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729(Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

Here, petitioner requests the following hourly rates for the attorney and paralegal who worked on this matter:

**Mark Sadaka – Attorney**
   2017: $376.38
   2018: $396.00
   2019: $405.00
   2020: $422.00
   2021: $444.00
   2022: $458.00

**Michele Curry – Paralegal**
   2017: $145.17
   2018: $150.55
   2019: $156.00
   2020: $163.00
   2021: $172.00
   2022: $177.00

The undersigned finds that the requested rates are reasonable and in accordance with what this attorney and paralegal have previously been awarded for their Vaccine Program work. See, e.g., Prague v. Sec'y of Health & Hum. Servs., No. 19-986V, 2022 WL 1008848, at *4 (Fed. Cl. Spec. Mstr. Mar. 10, 2022); Nemmer v. Sec'y of Health & Hum. Servs., No. 17-1464V, 2020 WL 1910695, at *4 (Fed. Cl. Spec. Mstr. Feb.20, 2020); Woods v. Sec'y of Health & Hum. Servs., No. 17-897V, 2020 WL 4756881, *2 (Fed. Cl. Spec. Mstr. July 23, 2020). The undersigned will therefore award the rates requested.

3

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed. Thus, the undersigned will award them in full.

### B.   Attorneys' Costs

#### 1.   Expert Fees

Petitioner requests $2,500.00 for work performed by Dr. Alberto Martinez-Arizala, including 5 hours, billed at $500.00 per hour, spent revieing medical records, reviewing medical literature, and preparing an expert report, and including a $1,500.00 retainer fee. Pet. Mot., Exhibit ("Ex.") B at 21. The undersigned finds it reasonable to compensate Dr. Martinez-Arizala at this rate and finds his time spent working on this case reasonable. Thus, the undersigned compensates him in full.

#### 2.   Miscellaneous Costs

Petitioner requests $1,792.22 to cover her attorney's other miscellaneous expenses, including obtaining medical records, Fed Ex costs, filing fee, and other expenses. Pet. Mot., Tab G. The undersigned finds these costs reasonable. However, documentation as not provided for multiple items.[3] This results in a reduction of $17.04.

## II.   CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and her counsels as follows:

| | |
|---|---:|
| Requested Attorneys' Fees: | $ 49,480.75 |
| Awarded Attorneys' Fees: | $ 49,480.75 |
| | |
| Requested Attorneys' Costs: | $ 4,292.22 |
| Reduction of Attorneys' Costs: | - ($ 17.04) |
| Awarded Attorneys' Costs: | $ 4,275.18 |
| | |
| **Total Interim Attorneys' Fees and Costs:** | **$ 53,755.93** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $53,755.93, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Mark Sadaka.**

---

[3] These entries are dated December 15, 2017, December 21, 2015, January 10, 2018, January 23, 2018, May 31, 2018, June 11, 2018, September 6, 2018, and the mailing cost on September 19, 2018. Petitioner may re-request these costs in his final fees request along with documentation.

4

     In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

     **IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.