# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: January 22, 2026

```
* * * * * * * * * * * * * *    *
ANGELA MALAR,                   *     UNPUBLISHED
                                *
            Petitioner,         *     No. 18-1429V
v.                              *
                                *     Special Master Dorsey
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *     Motion for Redaction.
                                *
            Respondent.         *
* * * * * * * * * * * * * *    *
```

<u>Mark Theodore Sadaka</u>, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.
<u>Felicia Langel</u>, U.S. Department of Justice, Washington, DC, for Respondent.

## <u>ORDER GRANTING PETITIONER'S MOTION FOR REDACTION</u>[1]

On December 30, 2025, Petitioner filed a motion to redact the undersigned's November 19, 2025 Decision. Petitioner's Motion for Redaction ("Pet. Mot."), filed Dec. 30, 2025 (ECF No. 147). For the following reasons, Petitioner's motion is **GRANTED**.

## I.    RELEVANT PROCEDURAL HISTORY

On September 19, 2018, Angela Malar ("Petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving an

---

[1] Because this unpublished order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Order are to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

influenza ("flu") vaccine on October 4, 2015, she suffered neuromyelitis optica ("NMO"). Petition at Preamble (ECF No. 1).

On November 19, 2025, the undersigned issued a Decision dismissing Petitioner's petition.  Decision dated Nov. 19, 2025 (ECF No. 145).

On December 30, 2025, Petitioner filed a motion to redact certain sensitive information in her medical history that was included in the November 19, 2025 Decision.  Pet. Mot. at 1. Petitioner reports she "is involved in ministry and seeks redaction for information that is not necessary for public understanding of the case and that, if disclosed, would compromise Petitioner's privacy interests."  Id.  Because of her work in ministry, she "believes the publication of her history will derail her relationships and work environment."  Id.  In an affidavit, she averred that "[her] entire life revolves around [] religion, and the importance of [her] church is extremely high."  Affidavit at ¶ 3 (ECF No. 152).  She fears that if this certain sensitive information were public, "[she] would lose the respect of [her] coworkers and the church, resulting in a huge loss in [her] life."  Id. at ¶ 5.

Respondent filed a response to Petitioner's motion on January 7, 2026.  Respondent's Response to Pet. Mot. ("Resp. Response"), filed Jan. 7, 2026 (ECF No. 150).  Respondent stated he "requests that the Special Master apply the controlling law outlined" in his response.  Id. at 5. Respondent "defers to the Special Master's judgment as to whether [P]etitioner's motion should be granted."  Id. at 4.  Petitioner did not file a reply.

This matter is now ripe for adjudication.

## II.    DISCUSSION

A motion for redaction is governed by section 12(d)(4)(B) of the Vaccine Act and Vaccine Rule 18.  See § 12(d)(4)(B); Vaccine Rule 18(c).  Section 12(d)(4)(B) provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy."  § 12(d)(4)(B).  A motion to redact under Vaccine Rule 18 requires evidence demonstrating the decision contains information "that is a trade secret or commercial or financial in substance and is privileged or confidential" or information "that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy.  Vaccine Rule 18(b)-(c).  Under this rule, "[e]vidence . . . includes, but is not limited to," "(A) documentation that the objecting party's career and/or employment would be adversely affected by the release of medical information contained within the decision; and/or (B) documentation that the objecting party's personal safety or well-being would be adversely affected by the release of medical information contained within the decision."  Vaccine Rule 18(c)(1).

What constitutes a "clearly unwarranted invasion of privacy" requires balancing Petitioner's "right of privacy against the public purpose of the Vaccine Act."  W.C. v. Sec'y of Health & Hum. Servs., 100 Fed. Cl. 440, 460 (2011), aff'd, 704 F.3d 1352 (Fed. Cir. 2013). While a petitioner has an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure, so as to increase public awareness of vaccines

and the medical conditions they may or may not cause.  Id. at 461.  In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale."  Castagna v. Sec'y of Health & Hum. Servs., No. 99-411V, 2011 WL 4348135, at *13 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

The undersigned will permit redaction in cases, such as this, where a specialized showing is made.  The facts and circumstances of this case warrant redaction of particular sensitive information in Petitioner's medical history.  Petitioner made an adequate showing for redaction.

The undersigned finds a redaction of this sensitive information, as depicted in Petitioner's proposed redacted Decision (ECF No. 153), appropriate, reasonable, and warranted pursuant to the Vaccine Act and Vaccine Rule 18.  **Accordingly, Petitioner's motion for redaction of specific sensitive medical history in the Decision is GRANTED.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master