# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: August 11, 2026

| | |
|---|---|
| * * * * * * * * * * * * * | |
| ANGELA MALAR, | UNPUBLISHED |
| Petitioner, | No. 18-1429V |
| v. | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Attorneys' Fees and Costs. |
| Respondent. | |
| * * * * * * * * * * * * * | |

Mark Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner
Felicia Langel, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On September 19, 2018, Angela Malar ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of receiving an influenza ("flu") vaccine on October 4, 2015, she suffered neuromyelitis optica ("NMO"). Petition at Preamble (ECF No. 1). On November 19, 2025, the undersigned issued a decision dismissing Petitioner's case. Decision dated Nov. 19, 2025 (ECF No. 145).

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On January 28, 2026, Petitioner filed a second[3] application for attorneys' fees and costs. Petitioner's Motion for Attorney Fees and Costs ("Pet. Mot."), filed Jan. 28, 2026 (ECF No. 155). Petitioner filed a reply on February 2, 2026, augmenting her request due to inadvertently omitted costs. Pet. Reply to Respondent's Response to Pet. Mot., filed Feb. 2, 2026 (ECF No. 157. Overall, Petitioner requests compensation in the amount of $54,921.70, representing $48,925.50 in attorneys' fees and $5,996.20 in costs. ECF No. 157-2 at 1, 21.[4] Respondent filed his response on January 30, 2026, stating he "defers to the Court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot., filed Jan. 30, 2026, at 2 (ECF No. 156). The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Mark Sadaka, $458.00 per hour for work performed in 2022, $482.00 per hour for work performed in 2023, $532.00 per hour for work performed in 2024, $630.00 per hour for work performed in 2025 and 2026. Petitioner also requests rates between $177.00 and $229.00 per hour for work of her counsel's paralegals from 2022-2026.

The undersigned finds the rates are largely consistent with what counsel have previously been awarded for their Vaccine Program work, and finds Mr. Sadaka's rates from 2022 to 2024 and the paralegal rates from 2022 to 2026 to be reasonable herein. However, a reduction to Mr. Sadaka's 2025 and 2026 rates is necessary. Mr. Sadaka has previously been awarded $562.00 per hour for work performed in 2025[5] and $590.00 per hour for work performed in 2026.[6] As such, this results in a reduction of **$1,326.80**.[7]

In addition, fees will be reduced for failure to timely file medical records, resulting in the cancellation of a Rule 5 conference (ECF No. 63) and due to moving hearing dates and then cancelling the entitlement hearing (ECF Nos. 121, 128, 130). On August 12, 2024, Petitioner filed a joint status report requesting the entitlement hearing in this case be held in Philadelphia, Pennsylvania. ECF No. 122. In September, Petitioner's counsel's firm emailed the undersigned's law clerk and Respondent's counsel requesting the hearing be moved to new dates in December 2024 due to the unavailability of one of Petitioner's experts. Shortly thereafter, in

---

[3] A decision awarding interim attorneys' fees and costs issued on June 16, 2022, awarding $53,755.93.

[4] Petitioner's motion and reply do not match the invoiced amount, and as such, the undersigned uses the fees and costs included on the invoice.

[5] Tirone v. Sec'y of Health & Hum. Servs., No. 18-869V, 2025 WL 2659088, at *2 (Fed. Cl. Spec. Mstr. Aug. 21, 2025).

[6] Thomas ex rel. A.B. v. Sec'y of Health & Hum. Servs., No. 21-1780V, 2026 WL 1553607, at *3 (Fed. Cl. Spec. Mstr. May 6, 2026).

[7] (($630.00 - $562.00) x 19.1 hours in 2025) + (($630.00 - $590.00) x 0.7 hours in 2026) = $1,326.80.

September 2024, new dates were given and confirmed with the parties and all experts. On October 16, 2024, Petitioner filed a status report requesting the December 2024 hearing be cancelled. No explanation was provided.

The time spent setting, moving, rescheduling, and cancelling hearings, particularly without extraordinary circumstances, is not justified given that the Office of Special Masters has a heavy docket, and parties in other cases are waiting for hearings. Similarly, cancelling Rule 5 conferences due to a failure to timely file medical records results in a waste of limited resources. Thus, the undersigned finds it appropriate to reduce fees by 10%. This results in a further reduction of **$4,759.87**.[8]

Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS IN PART** Petitioner's motion for attorneys' fees and costs.

**Accordingly,**

**Petitioner is awarded attorneys' fees and costs in the total amount of $48,835.03, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[9]

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

[8] ($48,925.50 - $1,326.80) x 0.10 = $4,759.87.

[9] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.